UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY KEMP,

    Plaintiff,                        No. C 09-4687 PJH

    v.                               **ORDER**

UNIVERSITY OF CALIFORNIA, et al.,

    Defendants.

_____/

The court is in receipt of a first amended complaint submitted by Henry Kemp, plaintiff in the above-entitled action. The deadline set by the court for filing the amended complaint was August 25, 2010. Plaintiff's proposed amended complaint was not received by the court until August 27, 2010.

In addition, the amended complaint is not presented in the proper format. First, the amended complaint is styled an "Amendment to Complaint, To Be Read After and With Original Complaint Filed on October 1, 2009." Any party filing an amended pleading is required to "reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." Civil L.R. 10-1. An amended complaint supercedes the original complaint, "the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (amended pleading supersedes original pleading such that "after amendment the original pleading no longer performs any function and is treated 'thereafter as nonexistent.'") (internal quotations omitted).

Second, the amended complaint purports to include a "Response to the Court's

Order Granting Motion for Judgment on the Pleadings," and refers to the "Defendant's Motion." A complaint should identify the parties to the action, should state the jurisdictional basis for the action, should identify the claims or causes of action being asserted against the defendant, and should plead facts supporting those claims or causes of action. It is not the purpose of the complaint to respond to a motion filed by an opposing party, or to comment on a prior order issued by the court.

Specific rules govern the form of the complaint. "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The plaintiff "must state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). After setting forth the supporting facts, the plaintiff should state each claim founded on a separate transaction or occurrence in a separate count "if doing so would promote clarity." Id. "A person representing himself or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules." Civ. L.R. 3-9(a).

The court's "Pro Se Handbook" (available on the court's website) explains the application of these rules as follows:

> The first page of any document you file with the court is sometimes called the "caption page." Rule 10(a) of the Federal Rules of Civil Procedure and this Court's Civil Local Rule 3-4 explain what needs to be on the caption page and how it should look. . . .
>
> After the caption, you can begin writing the text of your complaint. Rule 10(b) of the Federal Rules of Civil Procedure requires you to write your complaint using a specific format. Each paragraph must be numbered, and each paragraph must discuss only a single set of circumstances. Do not combine different ideas in a single paragraph. Rule 10(b) also requires you to state each claim separately, as long as it helps make the complaint easier to read. A claim is a statement in which you argue that the defendant violated the law in a specific way.
>
> Ordinarily, complaints begin with a paragraph explaining the basis for the court's subject matter jurisdiction (i.e., what law allows a federal court to decide this case). The next paragraph should explain the basis for filing the federal lawsuit in this venue, that is the Northern District of California. . . .
>
> The next paragraphs of the complaint should identify the plaintiffs and defendants.
>
> After you have identified the plaintiffs and defendants, the following paragraphs should explain what happened and how you were injured.

Next, you should state your separate claims (also known as "counts"), explaining how you believe the defendant's actions violated the law. If you know the specific laws that you believe the defendant violated, you should state them. It makes it easier for the court and the defendants to understand your complaint if you explain the specific laws that you think were violated. It is not required, however, and if you believe the defendant violated the law, but are not sure which law was violated, you still may file a complaint.

The last part of the complaint should be a section entitled "Prayer for Relief." In the prayer for relief, you should state what you want the court to do. For example, you can request that the court order the defendant to pay you money, or order the defendant to do something or stop doing something. If you are not sure what is appropriate, you can also ask the court to award "all additional relief to which to the plaintiff is entitled."

At the very end of the complaint, all of the plaintiffs must sign their names.

Pro Se Handbook, at 19-20.

The court will give plaintiff one more chance to amend his complaint. The amended complaint must be rewritten in its entirety and may not incorporate any part of the original complaint by reference. The amended complaint must be filed no later than September 15, 2010. Failure to file the amended complaint by this deadline will result in the dismissal of the action.

**IT IS SO ORDERED.**

Dated: August 27, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

3