United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY KEMP,

    Plaintiff,

    v.

PAMELA ROSKOWSKI, Chief of Police, et al.,

    Defendants.
_____/

No. C 09-4687 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is defendants' motion to dismiss the first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff filed no opposition to the motion within the time required under Civil Local Rule 7-3. Having read defendants' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion.

**BACKGROUND**

    Plaintiff Henry Kemp ("Kemp") alleges that he is a homeless SSI recipient who is disabled by "bi-polar syndrome, agitated depression, and hyper-accusitivity to loud or disturbing sound." FAC at 4. For this reason, he asserts, he "seek[s] respite in libraries from the noisy streets, wherein [he] wish[es] only to be left alone, in peaceful quiet to read and concentrate in thought." Id. at 4-5.

    Kemp frequents the library at the University of California Medical Center ("UCSF"),

where, commencing in mid-2005, he began lodging complaints with library staff concerning "noisome, loud and rule-breaking street people." Id. at 2. He claims that his requests were ignored, and that library staff and the UCSF police eventually arrested him on May 3, 2007, for complaining about "noisy, talking, rude, laptop-banging MBA students" in a "posted 'SILENT!' Browsing Room." Id. at 3. The library obtained a "stay-away" order on May 29, 2007, which was vacated by the court on June 29, 2007. However, the San Francisco District Attorney's Office apparently failed to remove the stay-away order from the computerized Community Law Enforcement Telecommunications System ("CLETS"), and Kemp was arrested a second time on October 1, 2007, when he attempted to enter the library. He was transported to jail, where he was held for approximately two hours until one of the UCSF police officers called to advise that he should be released.

On October 8, 2008, Kemp filed suit in San Francisco Superior Court, against the Regents of the University of California ("the Regents"), the Chancellor of UCSF, and the Police Department of UCSF, alleging violations of civil rights, in connection with the two arrests. On May 17, 2010, the Superior Court granted defendants' unopposed motion for judgment on the pleadings.

Meanwhile, on October 1, 2009, Kemp filed the present action against the Regents, alleging claims of First and Fourth Amendment constitutional violations under 42 U.S.C. § 1983, based on the two arrests, and also alleging a claim under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq.

The Regents moved for judgment on the pleadings, and the court granted the motion on July 22, 2010. In the order, the court dismissed the § 1983 claim arising from the May 3, 2007 arrest, as time-barred, with leave to amend to allege a factual basis supporting equitable tolling. The court also dismissed all claims against the Regents, on the ground of Eleventh Amendment immunity, with leave to amend to allege claims for prospective injunctive relief against UCSF police officers and librarians in their individual capacities. The court noted, however, that any such claims might be subject to dismissal if Kemp failed to allege facts showing that they related back to the date of filing the original

complaint. Finally, the court dismissed the ADA claim for failure to state a claim, because plaintiff had failed to articulate a cognizable disability or to allege that the discrimination was "by reason of" the alleged disability.

Kemp filed the first amended complaint on September 15, 2010. He re-alleged the First and Fourth Amendment claims based on the May 3, 2007, and October 1, 2007, arrests, but this time added a claim under the Fourteenth Amendment. He also re-alleged the ADA claim. He seeks damages and injunctive relief.

Named as defendants are UCSF Chief of Police Pamela E. Roskowski; Officer Tim Suttles (sued as Officer Suggles), Officer Henry Yee, Officer Edmund Huang, Officer Arthur Tillis (sued as Officer Artur Tilis); Detective Mary Snyder (sued as Officer Snyder); Officer Edson Veloro (deceased) and/or his estate; and "clerks" Andres Panado and Art Townsend. Defendants now seek an order dismissing the FAC for failure to state a claim.

**DISCUSSION**

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. Id. at 94. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and

quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009).

B.   Defendants' Motion

   1.   Constitutional claims

Defendants argue that the § 1983 claim as to the May 3, 2007 arrest is time-barred (as stated by the court in the July 22, 2010 order), and that Kemp has not pled facts sufficient to show that the statute of limitations should be equitably tolled. They also contend that the § 1983 claims as to both arrests are time-barred because Kemp has not and cannot show that the claims against the newly-named defendants relate back to the date the original complaint was filed. Finally, defendants argue that the ADA claims should be dismissed because Kemp has dropped the Regents from the lawsuit, and ADA Title II does not provide for liability against individuals sued in their individual capacity.

The court agrees that Kemp has not alleged facts sufficient to show that the statute of limitations should be equitably tolled as to the claim regarding the May 3, 2007 arrest. Specifically, he has alleged no facts showing that he had a good faith basis for waiting a year before filing his state court complaint and the nearly identical federal court complaint, as directed by the court in the July 22, 2010 order.

Rather, Kemp has attempted to re-allege the claim on a "continuing violations" theory. The court rejected this theory in the July 22, 2010 order, on the ground that Kemp alleged "discrete acts occurring outside the limitations period," and that "such acts 'are not actionable if time-barred, even when they are related to acts alleged in timely filed charges.'" Order at 5 (quoting National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)).

4

1    The court also agrees with defendants that the claims against the newly-added
2 defendants in their individual capacities do not "relate back" to the date the original
3 complaint was filed.  Where an amended pleading changes the party against whom a claim
4 is asserted, the amendment will related back to the filing date of the original pleading

> if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of that action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Here, plaintiff has alleged no facts showing that, within the 120-day period under Federal Rule of Civil Procedure 4(m), any one of the newly-named defendants received notice of this action or knew or should have known that they would have been named as defendants in this action but for a mistake in identity.  For the reasons argued by defendants in their motion, the court finds that plaintiff has not established that the claims against the newly-named defendants relate back to the date the complaint was filed.

Finally, as for the claims against the newly-named defendants in their official capacities, plaintiff has not alleged a claim for prospective injunctive relief from an ongoing violation of federal law.  See Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005) (courts recognize an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law).

2.    ADA claim

As for the ADA claim, the court agrees that it too must be dismissed for the reason argued by defendants – that is, because the ADA does not provide for liability against defendants sued in their individual capacity.  See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); Bohnert v. Mitchell, 2010 WL 4269569 at *5 (D. Ariz., Oct. 26, 2010).  Further, the court finds that granting Kemp leave to amend to assert the ADA claim against

the Regents would be futile. In the July 22, 2010 order, the court instructed Kemp that he "must allege facts showing that he suffers from an impairment that limits one or more major life activities, and that the Regents discriminated against him because of that disability." Here, however, he has not alleged facts showing that he was discriminated against because of his disability.

Kemp claims that he is "disabled with nervous conditions to wit: bipolar syndrome, noise hyper-accusivity and agitated depression, for which disabilities he receives SSI assistance." FAC at 10. He asserts that these conditions "cripple his ability to read, concentrate, and think in a noisy or even unquiet environment that would not prevent such activities by persons not so disabled." Id. Kemp also alleges that he was denied the benefits of the UCSF library, and "was discriminated against by negligent UCSF library clerks and staff, and by authoritarian UCSF police, who never would respond to assist with plaintiff's legitimate and reasonable requests for help with noisy, disruptive library patrons and with needed enforcement of posted rules." Id. at 11. He asserts that defendants "looked down upon [him] as a crank, chronic complainer and trouble maker" and that he "was not recognized as the obviously mentally and emotionally disabled individual who he truly is." Id.

Kemp asserts further that in denying him the benefits of the library, defendants failed to accommodate his disability, although he also contends that "[i]t was not incumbent upon plaintiff, vis-à-vis the ADA, to verbally disclose his disabilities to staff and police," because those disabilities "should be manifestly obvious to officials of a medical library and a community-oriented police department who see, assist, and otherwise deal with such mentally and emotionally disabled persons on a daily basis." Id. He claims that defendants discriminated against him because they "found it easier to have [him] gone than to help him as required by the ADA." Id. He characterizes defendants as "a self-serving sociological ingroup that is prejudiced for its own comfort and convenience against a lone disabled outsider whose lawful requests they perceive to be a threat to their own self-biased official regime, social ease and self-preferential treatment." Id. at 11-12.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  ADA Title II not only prohibits public entities from discriminating against the disabled, but also prohibits public entities from excluding the disabled from participating in or benefitting from a public program, activity, or service "solely by reason of disability."  Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 978-79 (9th Cir. 1997); see also Alexander v. Choate, 469 U.S. 287, 301-02 (1985); Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001).

Here, Kemp does not allege that defendants denied him access to library services. Indeed, based on the allegations in the FAC, it appears that he was a long-time patron of the UCSF library before his arrest on May 3, 2003.  Instead, his ADA complaint is based on the claim that library staff and UCSF police refused to enforce the "rules" of the library – no eating, no talking, no making noise – in the way that Kemp believed the rules should have been enforced, with the result that his ability to read and concentrate while in the library was affected.

Kemp has adequately alleged that he suffers from certain mental disabilities, but he has pled absolutely no facts showing that defendants discriminated against him, or that they excluded him from participation in – or denied him the benefits of the services, programs, or activities of – the UCSF library because of his disability.  Kemp has had two opportunities to state a claim under the ADA.  Accordingly, the court finds that granting leave to re-allege the ADA claim would be futile, and that the claim should be dismissed with prejudice.

**CONCLUSION**

In accordance with the foregoing, the court GRANTS defendants' motion to dismiss the first amended complaint.  Because plaintiff has already had two opportunities to state claims of both constitutional and ADA violations, the court finds that leave to amend would be futile.  Accordingly, the dismissal is without leave to amend.

The date for the hearing on the motion, previously set for Wednesday, November 24, 2010, is VACATED.

**IT IS SO ORDERED.**

Dated: November 18, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge